431 So.2d 257 (1983)
Charity PARMER, and the State, Department of Health & Rehabilitative Services, Appellants,
v.
Stevie Alan PARMER, Appellee.
No. 82-1613.
District Court of Appeal of Florida, Second District.
May 11, 1983.
Charles L. Carlton and Geraldyne H. Carlton of Carlton & Carlton, P.A., Lakeland, and Catherine Teti, Tampa, for appellants.
No appearance for appellee.
GRIMES, Judge.
This is an appeal from an order suspending child support payments as well as the payment of prior child support obligations.
In January of 1980, the State Department of Health and Rehabilitative Services (HRS) and Charity Parmer filed a petition against Stevie Alan Parmer for failure to provide child support for his child, Stevie Mark Parmer. The child, born April 3, 1975, was the recipient of aid to families with dependent children. Pursuant to stipulation, the court entered an order stating that Parmer owed the state $764 for past public assistance paid on behalf of his child and directed him to pay this obligation at *258 $20 per month. In October of 1981, Parmer signed a stipulation agreeing to pay ongoing child support in the amount of $20 per week. The stipulation recited that Mrs. Parmer was receiving public assistance in the amount of $103 per month and that Mr. Parmer was employed at an average weekly income of $140 per week. The court entered an order confirming the stipulation and requiring Mr. Parmer to make the child support payments at $20 per week.
On May 6, 1982, the court entered an order to show cause why Mr. Parmer should not be held in contempt for being $536 in arrears on the first account and $212 in arrears on the second account. Following a hearing, the court entered an order reciting that Mr. Parmer had testified that while he currently earned $118 per week, a kidney disease rendered him unable to hold a full-time job. The order suspended his obligation to pay ongoing child support and to make payments on the past assistance debt until further direction from the court.
The acceptance of public assistance for the support of a dependent child vests in HRS the authority to proceed with all remedies available to the child's custodian. Lamm v. Chapman, 413 So.2d 749 (Fla. 1982). Notwithstanding, without the benefit of a record of the testimony taken at this untranscribed hearing, we cannot say that the court abused its discretion in refusing to hold Mr. Parmer in contempt. However, the suspension of his requirement to pay ongoing child support constitutes a modification of a prior order, and Parmer did not file a petition for modification. The court cannot modify child support absent a pleading for modification. Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977).
Accordingly, we reverse that portion of the order suspending the ongoing support payments. In all other respects, the order is affirmed.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.