PER CURIAM.
This is an appeal of a modification of an ongoing child support obligation and a pri- or child support obligation.
In 1981, a judgment of paternity was entered against appellee, George Miller, and appellee was ordered to pay child support. A public assistance obligation and an arrearage for child support payments were determined in 1983. Subsequently, a petition for a rule to show cause why appellant was not in contempt for being in arrears was filed.
At the hearing on the petition to show cause, appellee verbally requested a modifi *1158 cation of his child support obligation. The trial court found that appellee was not in willful contempt of court and ordered ap-pellee to pay $10 a week towards the ar-rearage and granted appellee’s request to reduce his regular child support payments. This appeal followed.
The lower court’s finding that appellee was not in contempt cannot be characterized as an abuse of discretion. However, we reverse the modification of the ongoing child support on the authority of Parmer v. Parmer, 431 So.2d 257 (Fla. 2d DCA 1983). Appellee did not file a petition for modification; the court may not modify a prior order of child support absent a pleading for modification. Parmer at 258.
For this reason, we reverse the modification of the child support, without prejudice, to a petition for modification of child support.
OTT, C.J., and CAMPBELL and LEHAN, JJ., concur.