625 So.2d 97 (1993)
RAM COATING TECHNOLOGY CORP., f/k/a Ram Industrial Coatings, Inc., and Charles Roth, Appellants,
v.
COURTAULDS COATINGS, INC., a corporation, d/b/a Porter International, Appellee.
No. 92-3159.
District Court of Appeal of Florida, First District.
October 7, 1993.
Robert B. Guild of Matthews & Hession, Jacksonville, for appellants.
Lance Paul Cohen of Cohen & Thurston, P.A., Jacksonville, for appellee.
PER CURIAM.
Appellants seek reversal of a final judgment entered upon a default. We affirm as to appellant Charles Roth, individually, but reverse as to the appellant corporation, Ram Coating Technology Corp.[1]
Appellee filed suit against a corporation known as Ram Industrial Coatings, Inc., for recovery of an outstanding debt. A summons was served on "Jane Doe" at the corporate office. The process server's return stated that the registered agent was not present when service was made and that "Jane Doe," the corporate employee, refused to give her name. Thereafter, by amended complaint, *98 Charles Roth, individually, President of Ram Industrial Coatings, Inc., was named as a defendant. The record reflects the summons pertaining to the amended complaint was personally served upon Roth, although he has denied that service was actually made upon him.
Ram Industrial Coatings, Inc. was dissolved in October 1991. In January 1992, a second amended complaint was filed, naming "Ram Coating Technology Corp., f/k/a Ram Industrial Coatings, Inc." as a defendant. The record reflects that no summons ever issued as to Ram Coating Technology Corp.
In April 1992, a default was entered against Ram Coating Technology Corp., f/k/a Ram Industrial Coatings, Inc., and Charles Roth. Appellants sought to have the default set aside on several grounds, including the assertion that process had not been adequately served on each of the defendants. The trial court denied all motions to set aside the default, and a final judgment was entered against appellants.
With respect to Charles Roth, individually, we find no basis to reverse. The record reflects that process was served upon him, and while Roth contests this fact, the trial court obviously concluded otherwise. Since appellant has failed to furnish a transcript of any hearings before the trial judge, review of the trial court's ruling on this issue is foreclosed. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). For the same reason, we cannot pass upon the lower court's obvious rejection of Roth's assertion that the default judgment should have been set aside for excusable neglect or that a meritorious defense to appellee's claim exists.
As for Ram Coating Technology Corp., however, we conclude that final judgment was improperly entered. There is no contention that Ram Coating Technology Corp. was served. The suggestion in the second amended complaint that Ram Coating Technology Corp. was simply the new name for Ram Industrial Coatings, Inc., and the affidavit of appellee's credit manager that the allegations made in the complaint were true are insufficient bases to confer jurisdiction upon this separate incorporated entity in the absence of a summons. A judgment entered without service of process is void. Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987); Falkner v. Amerifirst Savings & Loan, 489 So.2d 758 (Fla. 3d DCA 1986). Here, not only does the record reflect the absence of service of process on RAM Coating Technology Corporation; no summons was ever issued as to that corporation. The default and resulting final judgment are accordingly void. See, Windmill Restaurant Systems, Inc. v. C & W Limited, 416 So.2d 909 (Fla. 2d DCA 1982).
Accordingly, final judgment as to Charles Roth is AFFIRMED, but the final judgment entered against Ram Coating Technology Corp. is REVERSED.
SMITH, WOLF and MICKLE, JJ., concur.
NOTES
[1] The original filed opinion in this cause is withdrawn, and the instant opinion is substituted therefor.