688 So.2d 391 (1997)
STATE of Florida, DEPARTMENT OF REVENUE, on Behalf of Christine SCREWS, Appellant,
v.
William SCREWS, Appellee.
No. 95-03678.
District Court of Appeal of Florida, Second District.
February 7, 1997.
*392 Amanda Traweek and Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for Appellant Christine Screws.
No appearance by Appellee William Screws.
CAMPBELL, Acting Chief Judge.
Appellant, the Florida Department of Health and Rehabilitative Services (Department), appeals the trial court order reducing the amount of public assistance arrearages owed by appellee/father, William Screws, to the Department. We agree with the Department that they were at least entitled to sufficient notice and an opportunity to be heard before the court could consider modification of the amount appellee was required to pay in public assistance benefits. A court cannot modify a support decree, or any other decree, unless the issue of modification is presented in appropriate proceedings and each party is afforded an opportunity to be heard on the issue. See Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). Appellee, in the instant case, never filed any pleading requesting relief or modification of the amount he was previously ordered to pay for public assistance reimbursement, and the Department never received any notice that the previous support order might be modified.
Moreover, by accepting public assistance from the Department for the support of dependent children, the Department acquires the authority to proceed with all remedies available to the child's custodian. See Lamm v. Chapman, 413 So.2d 749 (Fla. 1982); Parmer v. Parmer, 431 So.2d 257 (Fla. 2d DCA 1983).
The law is well established that the right to payments in the nature of child support arrears or alimony is vested and not subject to reduction absent compelling equities in the party obligated to make the payments. Filaretou v. Filaretou, 652 So.2d 952 (Fla. 2d DCA 1995); Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA), pet. denied, 441 So.2d 632 (Fla.1983).
Accordingly, we reverse the order reducing the arrearage amounts of public assistance benefits owed by appellee to the Department. In all other respects, the order is affirmed.
SCHOONOVER and PATTERSON, JJ., concur.