PER CURIAM.
This cause is before us on appeal from the trial court’s order denying Appellant’s motion to set aside a previously entered support modification order. The trial court’s prior order, inter alia, divided a debt owed to Appellant between Former Wife and Former Husband/Appellee, while Former Wife was still receiving AFDC benefits because of Former Husband’s failure to pay child support. However, Appellant was not notified of the hearing and learned of the trial court’s order only after its issuance.
Appellant argues on appeal that the prior order should be set aside because Appellant was not given notice before the hearing thereon. We hold that under Florida Rule of Civil Procedure 1.540(b), the trial court abused its discretion in denying Appellant’s motion to set aside the previously entered support modification order because the prior order affected the substantial rights of Appellant, absent notice and an opportunity to be heard. Ram Coating Tech. Corp. v. Courtaulds Coatings, Inc., 625 So.2d 97, 98 (Fla. 1st DCA 1993)(holding that judgment entered absent notice to interested party concerning hearing thereon renders judgment void); Watson v. Watson, 583 So.2d 410, 411 (Fla. 4th DCA 1991)(holding it is well settled that “[w]hen a party has no notice of a trial date, the trial court abuses its discretion when it proceeds with a final hearing.”) (citation omitted); DOR v. Screws, 688 So.2d 391, 392 (Fla. 2d DCA 1997)(holding that modification of previous support order and arrearage without giving HRS notice and opportunity to be heard, where HRS provides support to dependant children, constitutes reversible error). Thus, the trial court’s order denying Appellant’s motion to set aside the judgment is reversed, and the case is remanded for a new support modification hearing,
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.