W. SHARP, J.
Appellant (the Group)[1] appeals from a partial summary judgment rendered against it, which determined the court had personal jurisdiction over it and established liability in favor of Bogue, the plaintiff below.[2] The Group argues on appeal that the judgment should be reversed because it was never served with process and it also points out in its brief, and the record clearly shows, the suit is now *464 barred against the Group by the five-year statute of limitations. § 95.11(2)(b), Fla. Stat. (1989). We agree and reverse.
Bogue was injured in an automobile accident which occurred on April 11, 1990. She sued Theresa Slusher, the driver of the other vehicle involved in the accident. Bogue then sought to add various insurance carriers as uninsured motorist insurance carriers, including the Group, on the theory she that was covered by her mother’s automobile insurance policy.
In June of 1994, Bogue joined Allstate Insurance Company as the uninsured motorist carrier. On July 14, 1994, she filed a motion to dismiss Allstate, and to replace it with the Group. The trial court granted the motion and Bogue filed her third amended complaint which named the Group. However, she failed to serve the Group with process. She attempted service through the Department of Insurance, but the Department returned, the process, saying the Group was not an insurer licensed to do business in Florida.
In January of 1997, Bogue asked the court to dismiss the suit against the Group and substitute Mutual of Omaha, because during discovery she learned her uninsured motorist carrier was not the Group. The trial court dismissed the Group from the lawsuit the following day and substituted Mutual of Omaha. On June 6, 1997, Bogue filed another motion to set aside the previous order substituting Mutual of Omaha, and sought to reinstate “The Hartford.” The same day Bogue filed a third amended complaint, naming “The Hartford Insurance Group.”
Meanwhile on August 21, 1997, the judge (pursuant to another motion filed by Bogue) dismissed Mutual of Omaha and substituted Travelers Insurance Company as the uninsured motorist carrier. The following month, at Bogue’s request, the court dismissed Travelers, and replaced it with the Group. Again, Bogue attempted to serve process on the Group by sending process to the Department. But again the Department returned it for the same reasons as it had done before. Bogue then attempted to serve the Group through a Corporate Service Company in Tallahassee, as its registered agent. However, this process was also returned unaccepted because the company denied it was the registered agent for the Group.
Finally, eight years after the accident, Bogue served process on Hartford Insurance Company of the Midwest, Inc. (Midwest). The court entered default judgments against both Midwest and the Group. Both companies moved to set aside the default because they had never been served, and the suit against them was barred by the statute of limitations. As to Midwest, the court granted its motion to set aside the default, and it granted its motion to dismiss with prejudice. However, it did not grant similar relief to the Group, and ultimately it granted the non-final summary judgment against it, which is the subject of this appeal.
The record in this case clearly shows that service of process was never accomplished against the Group, whether it is a valid entity or simply a misnomer for the uninsured motorist carrier. Under such circumstances, the court lacks jurisdiction over the party and cannot render a valid judgment against it. See Totura & Company, Inc. v. Williams, 754 So.2d 671 (Fla.2000).; Allbritton v. Stahlman, 683 So.2d 536 (Fla. 2d DCA 1996); Ram Coating Technology Corp. v. Courtaulds Coatings, Inc., 625 So.2d 97 (Fla. 1st DCA 1993); Falkner v. Amerifirst Fed. S & L Ass’n, 489 So.2d 758 (Fla. 3d DCA 1986). Any judgment so rendered is void. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Caudell v. Leventis, 43 So.2d 853 (Fla.1950).
It is also clear from this record that the Group cannot be substituted in this lawsuit in the future as the uninsured motorist carrier, nor could it have been in August of 1997, after being dismissed earlier, because the statute of limitations had run. The Florida Supreme Court has held that if a motion to amend is filed within *465 the statute of limitations period an amendment adding a new party is valid, even though the order authorizing the amendment is rendered after the statute has run. Tortura. In this case, the Group was initially timely added or substituted as the uninsured motorist carrier because Bogue filed her first motion to add the Group in July of 1994 and the statute ran on April 11,1995.
However, after the court dismissed the Group from the lawsuit on January 22, 1997, the Group could not again be sued in this cause without some valid basis to overcome the bar of the statute of limitations, and none appears here. See, e.g., Schneider v. Manheimer, 170 So.2d 75 (Fla. 3d DCA 1964). The motion and order in September of 1997 reinstating the Group as a party did not revive the original status of the lawsuit vis-a-vis the Group. See Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978); Rehman v. ECC Intern. Corp., 698 So.2d 921 (Fla. 5th DCA 1997); McKelvey v. Kismet, Inc., 430 So.2d 919 (Fla. 3d DCA 1983).
Accordingly, we reverse the judgment and remand with directions that the Group be dismissed with prejudice from this lawsuit.
REVERSED; REMANDED with directions.
COBB and GRIFFIN, JJ., concur.

. The Hartford Group or The Hartford Insurance Group.

. We have jurisdiction. See Fla. R.App. P. 9.110(k).