SALCINES, Judge.
Dale and Cynthia Parrimon appeal the trial court’s “Order on Objection to Sale and Issuance of Certificate of Title, Motion to Vacate Default and Judgments and Set Aside Judicial Sale, Amended Objection-to Sale, and Motion for Issuance of Certificate of Title” as it related to the final judgment of foreclosure obtained by First National Bank of Chicago (“the Bank”) and as it related to the final judgment for money damages obtained by Manatee County, Florida. We affirm the order in part and reverse in part.
The Bank successfully foreclosed a first mortgage interest in the Parrimons’ property. We affirm the trial court’s order denying relief to the Parrimons on their motion as it relates to the Bank’s final judgment of mortgage foreclosure in all respects without further discussion.
Manatee County was a defendant in the Bank’s action against the Parrimons because it held a second mortgage on the property which was the subject of the foreclosure action. Manatee County filed a cross-claim against the Parrimons to foreclose its second mortgage and promissory note. In its cross-claim it sought a money judgment against both Mr. and Mrs. Parri-mon. However, in its motion for summary judgment, Manatee County sought a judgment for the sums owed under the promissory note from Mr. Parrimon only. In the *525 motion, Manatee County noted that it was unable to obtain personal service upon Mrs. Parrimon and it did not request that a judgment be entered against her. On May 14, 2001, the trial court erroneously entered a final judgment for Manatee County against both Mr. and Mrs. Parri-mon for $4208.64, rather than against Mr. Parrimon alone. The Parrimons’ motion sought to vacate that portion of Manatee County’s final judgment for money damages entered against Mrs. Parrimon. The trial court erred when it denied that portion of the Parrimons’ motion. See Del Conte Enter. v. Thomas Pub. Co., 711 So.2d 1268, 1269 (Fla. 3d DCA 1998).
In their motion, the Parrimons also sought to vacate that portion of Manatee County’s final judgment for money damages against Mr. Parrimon. The final judgment against Mr. Parrimon in favor of Manatee County was properly entered. We affirm the trial court’s order denying relief to the Parrimons as it relates to Manatee County’s final judgment for money damages against Mr. Parrimon without further discussion.
Accordingly, we reverse the trial court’s order denying relief relating to the portion of Manatee County’s final judgment entered against Mrs. Parrimon for money damages. We remand for the trial court to vacate Manatee County’s final judgment rendered on May 14, 2001. The trial court is directed to enter an amended final judgment in favor of Manatee County for money damages as to Mr. Parrimon only. In all other respects the trial court’s “Order on Objection to Sale and Issuance of Certificate of Title, Motion to Vacate Default and Judgments and Set Aside Judicial Sale, Amended Objection to Sale, and Motion for Issuance of Certificate of Title” is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings.
WHATLEY and SILBERMAN, JJ., Concur.