KELLY, Judge.
R. Thomas, John D., and Gene E. Stanley appeal from a judgment in favor of Greystone Medical Group, Inc. The judgment transfers to Greystone the ownership of patent and intellectual property rights to pharmaceutical compounds developed by the Stanleys, and it vacates a 1996 final judgment that had awarded those rights to the Stanleys, The trial court’s asserted basis for vacating the 1996 judgment was that the Stanleys obtained it by “procedural fraud on the court,” a conclusion Greystone has not specifically attempted to defend on appeal. Instead, Greystone defends the trial court’s decision by arguing on appeal that the 1996 judgment was void because it was entered without notice to one of the two defendants in that litigation. We conclude the trial court’s decision cannot be affirmed on that basis or any other and that the 1996 judgment should be reinstated along with the ownership rights it awarded to the Stanleys.

The 1996 Judgment

The 1996 judgment arose out of litigation over the ownership of patent and in *526 tellectual property rights to pharmaceutical compounds the Stanleys had developed. The Stanleys owned the rights to the compounds, and in 1985 they formed H.E. Stanley Pharmaceuticals, Inc.(HES) to market them. Tom Stanley was HES’s CEO and chairman of the board. Sometime in 1993, he became acquainted with Gregory Pilant, a potential investor who indicated he had expertise in developing and marketing pharmaceutical products. By December 1993, Tom Stanley had resigned from HES, Pilant had become the new president and CEO, and the Stanleys had agreed to sell the rights to the compounds to HES. When HES failed to pay as promised, the Stanleys sued Pilant and HES for breach of the various agreements they had entered into, fraud, and breach of fiduciary duty.
A recitation of the entire history of the litigation that ensued is unnecessary for the purposes of this decision. The important facts are that after the litigation had been pending for approximately a year, Pilant’s counsel withdrew and Pilant never obtained replacement counsel or appeared in the litigation again. Eventually, the Stanleys moved for a default against HES for discovery violations and other misconduct and for summary judgment against HES and Pilant. The trial court granted the motions and as a result, entered a judgment against HES that awarded the Stanleys damages as well as ownership of the intellectual property. The Stanleys did not seek or obtain a judgment against Pilant, apparently because they had concerns regarding whether he had been properly served with the motions and the notice of hearing.

The Current Litigation

The ownership of the intellectual property is at the heart of this case as well. Greystone, a corporation that, as luck would have it, was founded by Pilant, claims to have acquired ownership of the intellectual property in December 1997, and it also claims that at that time it was unaware of the 1996 judgment. When it “discovered” the 1996 judgment, it filed this declaratory judgment action against the Stanleys asking the court to determine the “rights, duties, and obligations of the parties” regarding the intellectual property. The Stanleys moved to dismiss the action on a number of grounds, and Grey-stone moved for summary judgment arguing, among other things, that the 1996 judgment was void because the Stanleys had not properly served Pilant with the motion for summary judgment and the notice of hearing on that motion, and therefore their actions operated as a “fraud upon the court.” Greystone also sought a determination that it was the “rightful owner” of the intellectual property with rights superior to those of the Stanleys.[1]
At the hearing on the motion for summary judgment, Greystone confined its argument to the contention that the 1996 judgment was the product of “procedural fraud” on the court because “a judgment entered without notice to a party is void.” Greystone argued, and the trial court found that “the failure to give a named party ... Greg Pilant, notice of the Motion for Summary Judgment, the Motion for Default Judgment or the Notices of Hear *527 ing thereon ... is tantamount to procedural fraud upon the Court.” It appears to us that the only fraud on the court in this case was the one that convinced the trial court to accept this argument.[2]
The argument that a judgment entered without notice to party is void is correct;[3] it is inapplicable to this case, however, because no judgment was entered against the party who ostensibly had no notice. The trial court focused on the fact that counsel for the Stanleys “possessed no case law to counter the case law cited by the Plaintiff in its Memorandum of Law ... which case law clearly stated that a judgment entered without notice to a party is void,” while overlooking the response of the Stanleys’ counsel that “yes, if a judgment was entered against a party. But the party that the judgment was entered [against] had notice, and that is the corporation ... There is no judgment against Mr. Pilant. If the judgment included Mr. Pilant then, yes, I would totally agree.”
Faced with this seemingly insurmountable factual distinction between the cases on which it had relied and the situation at hand, counsel for Greystone invoked the specter of “shenanigans” if the court were to follow the Stanleys’ argument to “its logical extreme.” The fact remains, however, that although Pilant may not have received notice of the Stanleys’ motions or the notice of hearing, no judgment was entered against him. We conclude that this factual distinction is determinative, and the trial court erred when it concluded otherwise. See Parrimon v. First Nat’l Bank, 923 So.2d 524 (Fla. 2d DCA 2005) (affirming a judgment against a husband but reversing it as to the wife where the plaintiff acknowledged it had not served her properly and had not sought a judgment against her but the trial court nevertheless erroneously entered judgment against her); M.L. Builders, Inc., v. Reserve Developers, LLP, 769 So.2d 1079 (Fla. 4th DCA 2000) (ordering that the judgment against one defendant be vacated for failure to serve him with process but affirming the judgment against the corporation that was properly served); Ram Coating Tech. v. Courtaulds, 625 So.2d 97, 98 (Fla. 1st DCA 1993) (finding “no basis to reverse” a judgment against the president of a corporation where he was properly served even though the corporation was not); Kennedy v. Richmond, 512 So.2d 1129 (Fla. 4th DCA 1987) (reversing a judgment against a partner who had not been served while affirming the judgment as to the other partner).
Accordingly, we reverse the judgment in favor of Greystone and remand this case for further proceedings consistent with this opinion. On remand, the trial court shall, without delay, reinstate nunc pro tunc to August 8, 1996, the judgment in R. Thomas Stanley, John.D. Stanley, and Gene E. Stanley v. Gregory P. Pilant and H.E. Stanley Pharmaceuticals, Inc., Polk County case number GC-G-94-1766.
COOK, MARTHA J., Associate Judge, Concurs.
VILLANTI, J., Concurs in result only.

. We are cognizant of the fact that both parties’ motions assert multiple grounds upon which their respective motions should be granted. We have not formally considered the merits of the Stanleys' motion to dismiss because they have not argued on appeal that the trial court should have granted that motion. We have, however, considered all issues Greystone raises in its amended motion for summary judgment to determine whether we can affirm the trial court on some alternate ground.

. We are bothered by the fact that Greystone's trial counsel clearly led the court down the primrose path. In his memorandum at the hearing, counsel quoted cases that factually are materially different from this case. While they stand for the general proposition that a judgment entered against a party without notice is void, the defendants in those cases, unlike Pilant, were the parties against whom a judgment had been entered. Appellate counsel did not represent Greystone in the trial court.

. See, e.g., Monsour v. Balk, 705 So.2d 968 (Fla. 2d DCA 1998).