STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1154 c/w 07-1155

SHANNON J. CLEMENT

VERSUS

DUSTY J. REEVES, LAFAYETTE PARISH
CONSOLIDATED GOVERNMENT,
ALLSTATE INSURANCE COMPANY,
AND ABC INSURANCE COMPANY

CONSOLIDATED WITH

JESSICA VIDRINE

VERSUS

LAFAYETTE PARISH CONSOLIDATED
GOVERNMENT AND ABC INSURANCE
COMPANY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 200336572 c/w 20033716 c/w 20031906
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

**Randall L. Guidry**
**Attorney at Law**
**P.O. Box 3828**
**Lafayette, LA 70502**
**Counsel for Plaintiff-Appellant:**
    **Jessica Vidrine**

**G. Frederick Seeman**
**Attorney at Law**
**401 Audubon Blvd., Suite 103A**
**Lafayette, LA 70503**
**Counsel for Plaintiff-Appellant:**
    **Jessica Vidrine**

**Matthew J. Ungarino**
**Robin L. Jones**
**Ungarino & Eckert, L.L.C.**
**315 South College Road, Suite 239**
**Lafayette, LA 70503**
**Counsel for Defendant-Appellee:**
    **Lafayette City-Parish Consolidated Government**

**D. Keith Wall**
**Marcantel, Marcantel, Wall, Pfeiffer**
    **& Stretcher**
**P.O. Box 1366**
**Jennings, LA 70546**
**Counsel for Plaintiff-Appellant:**
    **Shannon J. Clement**

**PAINTER, Judge.**

This matter was previously before us on remand from the Louisiana Supreme Court for briefing, argument, and opinion after Plaintiffs successfully sought supervisory writs regarding our initial finding that the trial court erred in denying summary judgment in favor of Defendant, Lafayette City-Parish Consolidated Government (LCG). On remand, we denied LCG's writ application, finding that a genuine issue of material fact existed such that summary judgment was improper. *See Clement v. Reeves*, 05-616 (La.App. 3 Cir. 6/28/06), 935 So.2d 279. Following that opinion, LCG filed a second motion for summary judgment which was granted by the trial court. Plaintiffs appeal. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We adopt the following statement of facts from our previous opinion:[1]

> This litigation stems from a December 20, 2002 automobile accident, which occurred in the 7200 block of Landry Road, located in a rural area of Lafayette Parish, at approximately 10:45 p.m. Shannon Clement, Jessie Vidrine, and Christina Chau were passengers in a truck driven by Dusty Reeves. Reeves, who was unfamiliar with Landry Road, lost control of his vehicle and crashed into a ditch when he failed to safely negotiate a ninety-degree turn. As a result, Clement, Vidrine, and Chau (plaintiffs) filed suit against LCG alleging that it failed to maintain the advance turn warning sign which would have warned Reeves of the approaching turn. These three suits were consolidated by the trial court. (Docket Number 2003-1906, consolidated with Docket Numbers 2003-3716 and 2003-6576).

> In response, LCG sought summary judgment arguing that the plaintiffs could not prove that it had constructive notice of the downed sign prior to the accident or that it had a reasonable amount of time in which to repair the sign. It further argued that it was immune from liability under the Louisiana Homeland Security and Emergency Assistance and Disaster Act, as a state of emergency had been declared for the State of Louisiana and Lafayette Parish on October 1, 2002, in anticipation of Hurricane Lili. This state of emergency was extended

---

[1]We do note that following the decision on remand, Plaintiff, Christina A. Chau, filed a joint motion and order of dismissal, and her claim was dismissed in its entirety by order signed April 17, 2007.

1

statewide for an additional forty-five days by Governor Mike Foster on October 31, 2002.

Following argument, the trial court denied LCG's motion finding "too many loose facts floating around to be amenable to summary judgment at present." A judgment denying the motion was rendered on April 21, 2005. Based on the trial court's judgment, LCG sought and was granted supervisory writs from this court. A five judge panel granted the writ and made it peremptory using the following language:

> We find that the trial court erred in its determination that there were genuine issues of material fact as to the knowledge element of the claim against the defendant-relator, Lafayette City-Parish Consolidated Government (LCG). The testimony offered by LCG was sufficient to shift the burden of proof to the plaintiffs-respondents, Shannon Clement, Jessica Vidrine, and Christina Chau. Clement provided one statement made by Terry Rabon, an LCG department of transportation employee, that could be construed as inconsistent with Rabon's other testimony that the sign was up and visible at the time of the survey. No other factual support was provided by the plaintiffs. The one seemingly inconsistent statement by Rabon on which plaintiffs rely, falls well short of the showing of factual support required to avoid summary judgment. Accordingly, summary judgment is hereby granted and all claims against LCG are dismissed, with prejudice, at plaintiffs' cost.

*See unpublished writ Clement v. Reeves*, 05-616 (La.App. 3 Cir. 8/19/05) (Thibodeaux, C.J., and Ezell, J., dissenting). Thereafter, the plaintiffs sought and were granted supervisory writs from the supreme court, with the matter being remanded to this court for briefing, argument, and opinion. See *Clement v. Reeves*, 05-2475, 05-2479, 05-2481 (La.3/31/06), 925 So.2d 1249, 1250.

*Id.* at 280-81.

On remand, we found as follows:

> Although summary judgment is favored and should be construed to accomplish the just, speedy, and inexpensive determination of every action subject to it, all doubt must be resolved in favor of the party opposing the motion. La.Code Civ.P. art. 966(A)(2); *Willis v. Medders*, 00-2507 (La.12/8/00), 775 So.2d 1049. Here, we have Rabon's testimony that he had no independent recollection of the sign in question, as well as the October 30, 2002 work order indicating that reinstallment of the sign was necessary. Opposing this, we have further testimony from Rabon that the sign was leaning only slightly when he surveyed it, because if it had been down he would have called the sign

2

truck to replace the sign that day. Thus, we find that Rabon's statements present a genuine issue of material fact in that reasonable persons could reach different conclusions based on them. As LCG relies on these statements to absolve itself of liability, we think that it should be left to the trier of fact in a trial on the merits to determine whether he is credible. As the grant of summary judgment would be harsh in this instance, we find that it was properly denied.

. . . .

Clearly, LCG was provided with immunity from negligence in its efforts to remedy the effects of Hurricane Lili during the state of emergency absent a showing of willful misconduct. *Castille v. Lafayette City-Parish Consol. Gov't*, 04-1569 (La.App. 3 Cir. 3/2/05), 896 So.2d 1261, *writ denied*, 05-0860 (La.5/1305), 902 So.2d 1029. However, at the time the state of emergency ended, LCG was no longer afforded immunity by the Louisiana Homeland Security and Emergency Assistance and Disaster Act. Therefore, we find that the trial court properly denied its motion for summary judgment on this issue.

*Id*. at 284-285.

Following that decision by this court, LCG filed a second motion for summary judgment in the trial court. This motion alleged that LCG was entitled to immunity for any personal injuries that occurred as a result of LCG's response to Hurricane Lili pursuant to La.R.S. 29:723 and La.R.S. 29:725 because the state of emergency had been extended by the parish president pursuant to La.R.S. 29:727 on November 27, 2002, which would encompass the date of the subject accident. In support of its motion, LCG filed, along with other evidence, copies of extensions of the state of emergency signed by the parish president and dated, October 1, 2002, October 29, 2002, November 27, 2002, and December 26, 2002. Based in part on these extensions, the trial court found that an actual emergency and a declaration existed such that LCG was entitled to immunity. The trial court, therefore, granted the motion for summary judgment. Plaintiffs now appeal.

3

## DISCUSSION

*Law of the Case*

Plaintiffs allege that the law of the case doctrine is applicable such that the trial court should not have entertained LCG's second motion for summary judgment. Plaintiffs argue that this court's previous opinion found that there must be not only a valid declaration of emergency in effect at the time of the accident, but also an actual existing emergency. LCG argues that this court addressed only the issue of whether a statewide state of emergency was still in effect on December 20, 2002, and found that it was not but that this is different than the issue which is currently before the court; i.e., whether the parish-wide extensions were validly extended even after the statewide state of emergency had lapsed.

Our prior opinion did state: "Thus the subject accident occurred after the state of emergency expired; moreover, the 'actual or threatened condition' of Hurricane Lili had obviously long been over by December 20." *Clement*, 935 So.2d at 285. However, at that time, we did not have the parish president's extension of the state of emergency for the parish before us. And, we also noted that "LCG was provided with immunity from negligence in its efforts to remedy the effects of Hurricane Lili during the state of emergency absent a showing of willful misconduct." *Id*.

The law of the case doctrine is a discretionary rule:

> Typically, following the "law of the case" doctrine, reargument of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur. *Ward v. Hermitage Ins. Co.*, 28,236 (La.App.2d Cir.4/3/96), 671 So.2d 1229, *writ denied*, 96-1141 (La.9/3/96), 678 So.2d 554; *Richard v. Wal-Mart Stores, Inc.*, 29,926 (La.App.2d Cir.10/31/97), 702 So.2d 79, *writ denied*, 97-3002 (La.2/6/98), 709 So.2d 744.

4

*Rogers v. Horseshoe Entertainment*, 32,800, p. 5-6 (La.App. 2 Cir. 8/1/00), 766 So.2d 595, 600-01, *writ denied*, 00-2894, 00-2905 (La. 12/8/00), 766 So.2d 463, 464.

In the *Rogers* case, the second circuit noted that:

> [B]ased on the additional discovery, the additional arguments and authorities raised in the Weems motion, as well as the potential for manifest injustice by virtue of incongruent results created by the Weems motion, we conclude that the trial court's decision to permit the Rogers to refile their motion for summary judgment was based on more than doubt; as such, the law of the case doctrine is inapplicable. . . Moreover, we find no authority supporting Horseshoe's argument that a trial judge cannot entertain a motion for summary judgment a second time.

*Id*. (citation omitted).

We find that the law of the case doctrine is inapplicable because we did not previously consider the existence, applicability, or validity of the parish president's extensions of the parish-wide state of emergency.

*Summary Judgment*

We review the trial court's grant of summary judgment in favor of LCG de novo, using the same criteria as the trial court. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. We must determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C).

> The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but rather he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id*.

*Butler v. DePuy*, 04-101, p. 3 (La.App. 3 Cir. 6/9/04), 876 So.2d 259, 261 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730).

5

As we noted in our prior opinion in this matter: "Here, the plaintiffs will bear the burden of proof at trial; thus, LCG is only required to point out that there is a lack of factual support for one or more elements essential to their claim." *Clement*, 935 So.2d at 282.

In denying the prior summary judgment in these proceedings, we recognized that "[t]he accident in question occurred on December 20, 2002," that "Governor Foster's declaration of emergency expired on December 14, 2002," and that "the subject accident occurred after the state of emergency expired." *Id*. at 285. We also noted that "the 'actual or threatened condition" of Hurricane Lili had obviously long been over by December 20." *Id*. Based on this, we found that "at the time the state of emergency ended, LCG was no longer afforded immunity by the Louisiana Homeland Security and Emergency Assistance and Disaster Act" and denied the motion for summary judgment. *Id*. However, a review of the record now before us indicates that the state of emergency had not, in fact, expired for the parish as it had been extended by the parish president.

Louisiana Revised Statutes 29:724 provides, in pertinent part, as follows:

A. The governor is responsible for meeting the dangers to the state and people presented by emergencies or disasters, and in order to effectuate the provisions of this Chapter, the governor may issue executive orders, proclamations, and regulations and amend or rescind them. Executive orders, proclamations, and regulations so issued shall have the force and effect of law.

B. (1) A disaster or emergency, or both, shall be declared by executive order or proclamation of the governor if he finds a disaster or emergency has occurred or the threat thereof is imminent. The state of disaster or emergency shall continue until the governor finds that the threat of danger has passed or the disaster or emergency has been dealt with to the extent that the emergency conditions no longer exist and terminates the state of disaster or emergency by executive order or proclamation, but no state of disaster or emergency may continue for longer than thirty days unless renewed by the governor.

6

(2) The legislature, by petition signed by a majority of the surviving members of either house, may terminate a state of disaster or emergency at any time. This petition terminating the state of emergency or disaster may establish a period during which no other declaration of emergency or disaster may be issued. Thereupon, the governor shall issue an executive order or proclamation ending the state of disaster or emergency.

Louisiana Revised Statutes 29:727 provides, in pertinent part, as follows:

D. A local disaster or emergency may be declared only by the parish president, except as otherwise provided in this Chapter. In that event, the state of emergency shall continue until the parish president finds that the threat of danger has been dealt with to the extent that emergency conditions no longer exist. The state of emergency may be terminated by executive order or proclamation, but no state of emergency may continue for longer than thirty days unless extended by the parish president. The state of emergency or disaster may be terminated by the governor, a petition signed by a majority of the surviving members of either house of the legislature, or a majority of the surviving members of the parish governing authority. The document terminating the state of emergency or disaster may establish a period during which no other declaration of emergency or disaster may be issued. All executive orders or proclamations issued under this Subsection shall indicate the nature of the emergency, the area or areas which are or may be affected, and the conditions which brought it about. Any order or proclamation declaring, continuing, or terminating a local disaster or emergency shall be given prompt and general publicity and shall be filed promptly with the office of emergency preparedness and the office of the clerk of court.

Reading these two provisions together, we conclude that a parish president may extend a state of emergency for his parish, when the threat of danger continues to exist, even if the governor has not extended the state of emergency statewide so long as the governor has not issued an order or proclamation terminating the state of emergency and established a period during which no other declaration of emergency or disaster may be issued. In this case, the governor merely allowed the declaration of a statewide state of emergency resulting from Hurricane Lili to lapse while the parish president continued to extend the parish's declaration of a state of emergency. LCG has submitted evidence to show that the parish's declaration of a state of emergency was in effect on October 30, 2002, when LCG employees surveyed the

7

sign in question and on December 20, 2002, when the subject accident occurred. LCG has also submitted evidence to show that clean-up, repair, and recovery efforts were ongoing at the time of the accident. Plaintiffs contend that the language in the extension to the effect that the "imminent threat of damage, injury and/or loss of property resulting from Hurricane Lili has abated" renders the extension invalid. However, La.R.S. 29:727 clearly states that "the state of emergency shall continue until the parish president finds that the threat of danger has been dealt with to the extent that emergency conditions no longer exist," and the extensions signed by the parish president in this case do indicate that the threat of damage, injury, and/or loss of property resulting from the aftermath of Hurricane Lili" still existed. Plaintiffs also contend that there is no proof that the publicity and filing requirements applicable to the extensions were met; however, no evidence was submitted in this regard.

In sum, Plaintiffs have failed to successfully rebut Defendant's showing on its motion for summary judgment. Our review of the record shows that there is no remaining question of fact regarding the existence of an extension of the state of emergency effective at the time of this accident. We again recognize that "Clearly, LCG was provided with immunity from negligence in its efforts to remedy the effects of Hurricane Lili during the state of emergency absent a showing of willful misconduct. *Castille v. Lafayette City-Parish Consol. Gov't*, 04-1569 (La.App. 3 Cir. 3/2/05), 896 So.2d 1261, *writ denied*, 05-0860 (La. 5/1305), 902 So.2d 1029." *Clement*, 935 So.2d at 285. Thus, we find that the trial court properly granted LCG's motion for summary judgment regarding its immunity from civil liability in this instance.

**DECREE**

For the above reasons, the trial court's grant of summary judgment in favor of Defendant, Lafayette City-Parish Consolidated Government, and the dismissal of Plaintiffs' claims with prejudice are affirmed. Costs of this appeal are assessed equally to Plaintiffs, Shannon Clement and Jessica Vidrine.

**AFFIRMED.**