DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-595

ERIC NAVARRE AND CAROLYN NAVARRE

VERSUS

SOUTHWEST CONTRACTORS, L.L.C. AND MONTGOMERY
ELECTRICAL SERVICE, INC.

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20056460
HONORABLE MARILYN CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

REVERSED AND REMANDED.

Robert A. Robertson
2000 Kaliste Saloom Road, Ste. 400
Lafayette, LA 70508
Counsel for Defendant-Appellant:
        Montgomery Electrical Service, Inc.

Jean Ann Billeaud
P.O. Box 3667
Lafayette, LA 70502
Counsel for Third Party Defendant-Appellee
        Northern Insurance Company of New York

Bennet Boyd Anderson, Jr.
Nicholas A. Blanda
P.O. Box 82008

Lafayette, LA 70598
Counsel for Plaintiffs-Appellees:
    Eric Navarre and Carolyn Navarre

Michael P. Corry
P.O. Drawer 51367
Lafayette, LA 70505
Attorneys for Defendants-Appellees
    Southwest Contractors, LLC and Bituminous Casualty Company

PAINTER, Judge

Defendant, Montgomery Electrical Service, Inc. (Montgomery), appeals the trial court's dismissal of its claim against Northern Insurance Company of New York (Northern) pursuant to a motion for summary judgment, finding that no question of fact remains and that Northern validly cancelled its policy covering Montgomery. Finding that a question of fact remains with regard to the cancellation, we reverse and remand.

## FACTS

On May 19, 2005, Eric Navarre was sitting at a table in the courtyard area of Dwyer's Café in Lafayette, Louisiana, when a ceiling fan fell from the ceiling and hit him. Navarre and his wife brought this suit against the contractor for the renovation project during which the fan was installed, Southwest Contractors, L.L.C. (Southwest), and its subcontractor, Montgomery, which actually installed the fan. Montgomery brought a third-party demand against Northern alleging that on the date of Navarre's accident, it had in effect a policy of commercial liability insurance issued by Northern. Northern filed a motion for summary judgment asserting that the depositions and affidavits filed in support of the motion showed that the policy of insurance had been cancelled prior to Navarre's accident. The trial court granted the motion and dismissed Montgomery's action against Northern. Montgomery appeals.

## DISCUSSION

*Motion to Strike*

Northern has filed a motion to strike the Navarres' brief apparently arguing that the Uniform Rules – Courts of Appeal ban an appellee from supporting the arguments of the appellant. Northern cites Uniform Rules – Courts of Appeal Rule 2-12.5 which states in pertinent part that: "The brief of the appellee . . . should contain appropriate

1

and concise answers and arguments and reference to the contentions and arguments of the appellant." We find nothing in this provision which requires an appellee to argue against the appellant. In this case, it would not be in the interest of the Navarres to argue the position taken by Northern. We find no statutory or jurisprudential law which would so require. Therefore, the motion to strike is denied.

*Summary Judgment*

This court reviews the trial court's grant of summary judgment de novo, using the same criteria as the trial court. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. We must determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). *See Clement v. Reeves*, 07-1154, 07-1155 (La.App. 3 Cir. 1/30/08), 975 So.2d 170, 175, writ denied, 08-482 (La. 4/18/08), 978 So.2d 355.

> The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but rather he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id*.

*Butler v. DePuy*, 04-101, p. 3 (La.App. 3 Cir. 6/9/04), 876 So.2d 259, 261 (*citing*

*Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730).

Accordingly, Northern had the burden of showing that no issue of fact remained as to the cancellation of the policy of commercial liability insurance issued to Montgomery. In support of its motion, Northern cited the deposition testimony of Angita Patel, a Northern employee, as showing that the policy was appropriately cancelled for lack of payment. Ms. Patel testified as follows as to the general

2

practices of Northern with regard to cancellation of policies and the specific actions taken with regard to the policy issued to Montgomery:

Premium payments are due within twenty days of issuance of the invoice. If payment is not received, there is a ten day grace period. On the eleventh day, the system will automatically generate a notice of cancellation. The amount on the notice of cancellation will include the amount of the invoice. If an installment was missed in between, that amount is included on the cancellation notice. There is a grace period of five days after the date on the notice of cancellation. If the notice is paid by the date on the notice plus five, the insurance is not cancelled.

Notice of cancellation was mailed to Montgomery on April 22, 2005, showing an effective cancellation date of May 1, 2005. The issue date for the notice of cancellation for Montgomery was April 22, 2005. Northern's activity log for Montgomery's policy indicates that Montgomery made a payment on April 21, 2005, in the amount of $8,203.42. The notice of cancellation showed an amount due of $12,216.42 which was to cover the $8,203.42 for the April premium plus an amount for the May premium. The amount paid on April 21 covered through the end of April. If Montgomery had made payment timely on April 9, the next installment would have been due on May 9 or May 10. The cancellation notice that went out on April 22 included the May amount. The notice of cancellation including the May payment went out before the normal ten day grace period for the May installment. No payments were received from Montgomery after the one that was credited on April 21, 2005.

This testimony supports the conclusion that the April payment was received before the grace period for payment had expired and that the cancellation notice included the May installment, which was not due at the time the cancellation notice

3

was issued.  Accordingly, a question of material fact remains as to whether the policy was properly cancelled.

## CONCLUSION

For these reasons, we reverse the judgment dismissing Montgomery's third-party demand against Northern based on cancellation of the policy for non-payment of premiums.  The case is remanded to the trial court for further proceedings. Northern's motion to strike the Navarres' brief is denied. Costs of this appeal are assessed to Northern.

REVERSED AND REMANDED.