673 So.2d 356 (1996)
Jason DUSTIN and Marilyn G. Brooks
v.
DHCI HOME HEALTH SERVICES, INC., d/b/a DHCI School of Nursing Assistants and/or Domestic Health Care Institute, Scottsdale Insurance Company and Earl K. Long Medical Center Through the Louisiana Health Care Authority.
No. 95 CA 1989.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*358 Brian J. Fricke, New Orleans and John B. Comish, Baton Rouge, for Plaintiffs-Appellants Jason Dustin and Marilyn Brooks.
W. Scott Maxwell, State of Louisiana Department of Justice, Baton Rouge, for Defendant-Appellee Earl K. Long Hospital.
Keith Armstrong, Baton Rouge, for Defendants-Appellees DHCI Home Health Services, Inc., et al.
Before LEBLANC, WHIPPLE and FOGG, JJ.
WHIPPLE, Judge.
This is an appeal by plaintiff, Jason Dustin, from a judgment of the trial court granting Earl K. Long Medical Center's (hereinafter "E.K.L.")[1] Exception of Lack of Jurisdiction Over the Subject Matter and dismissing E.K.L. from the lawsuit. The central issue presented in this case is whether Jason Dustin, a student of DHCI Home Health Services, Inc., (hereinafter "DHCI") was an "employee" of the hospital for purposes of the Louisiana Workers' Compensation Act.

FACTS AND PROCEDURAL HISTORY
Plaintiff, 18 years of age, was a student at DHCI, a commercial school specializing in the education and training of medical support personnel. As part of DHCI's curriculum, plaintiff was required to participate in the clinical training program which was conducted at E.K.L. DHCI and E.K.L. entered into a contract which established the clinical training program in which the students of DHCI were to participate. The contract set forth the parameters of the program and the rights and obligations of the parties.
On April 21, 1993, plaintiff arrived at E.K.L. for clinical training and was assigned to the emergency room by his DHCI instructor. Later that day, plaintiff was asked to assist in restraining a violent patient. The record does not indicate who requested plaintiff's assistance. Plaintiff had not been informed that the patient was infected with HIV and suffered from Acquired Immune Deficiency Syndrome (hereinafter referred to as "AIDS"). While attempting to restrain the patient, bodily fluids, and blood from the patient's lacerated lip, were projected into plaintiff's eyes and mouth.
Shortly thereafter, plaintiff tested positive for the HIV virus. On April 18, 1994, plaintiff instituted suit against DHCI and E.K.L. asserting that both were negligent and that their negligence had caused plaintiff to contract HIV. In response to plaintiff's petition, E.K.L. filed an Exception of Lack of Jurisdiction Over the Subject Matter, contending that plaintiff's cause of action falls exclusively within the realm of the Louisiana Workers' Compensation Act as plaintiff's cause of action arose during the course and scope of his services at the hospital.
The trial court granted the exception and dismissed E.K.L. as a defendant. Plaintiff appeals, contending that the trial court erred in determining that his claims against E.K.L. are preempted by the Louisiana Workers' Compensation Act, and in granting the exception.

DISCUSSION
Under the Louisiana Workers' Compensation Act, an employee injured in an accident while in the course and scope of employment is generally limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer. LSA-R.S. 23:1032(A)(1)(a); Hill v. West American Insurance Company, 93-915, 93-932, p. 5 (La.App. 3rd Cir. 3/2/94); 635 So.2d 1165, 1169, writ denied, 94-1630 (La. 9/30/94), 642 So.2d 881.
In support of its Exception of Lack of Jurisdiction Over the Subject Matter, E.K.L. contended that "plaintiff[`s] alleged cause of action arose during the course and scope of his service to Earl K. Long Medical Center" and therefore, his cause of action "falls exclusively *359 under the realm of the Louisiana Worker's Compensation [Statute]." In maintaining the exception, the trial court found that plaintiff was a borrowed employee and could not recover in tort.
The issue of whether a borrowed servant relationship exists is a matter of law for the court to determine. Fanguy v. Dupre Brothers Construction Company, Inc., 588 So.2d 1251, 1257 (La.App. 1st Cir. 1991), writ denied, 594 So.2d 892 (La.1992). However, there are numerous factual inquiries underlying "borrowed employee" status and the trial court's factual findings will not be upset unless they are clearly erroneous. Fanguy, 588 So.2d at 1257. There is no fixed test, nor is the existence of a contract or any other single factor determinative; however, the following must be considered in determining the existence of a borrowed employee relationship: right of control; selection of employees; payment of wages; power of dismissal; relinquishment of control by general employer; which employer's work was being performed at the time in question; agreement, either implicit or explicit between the borrowing and lending employer; furnishing of instructions and place for performance of the work in question; length of employment; and acquiescence by the employee in the new work situation. Walters v. Metropolitan Erection Company, 94-0162, 94-0475, p. 4-5 (La.App. 4th Cir. 10/27/94); 644 So.2d 1143, 1146, writs denied, 94-2858 and 94-2870 (La. 2/9/95); 649 So.2d 420.
Implicit in maintaining a borrowed employee relationship is the existence of an employment relationship between an employee, in this case, plaintiff, and a general or lending employer, in this case, DHCI. As a general rule, for an employer-employee relationship to exist, there must be a contract of employment, either express or implied, whereby services are furnished in anticipation of compensation. Genusa v. Pointe Coupee Volunteer Fire District No. 4, 93-2214, p. 3 (La.App. 1st Cir. 10/7/94); 644 So.2d 851, 852.
Here, we find that the record is completely devoid of any evidence establishing the existence of an employer-employee relationship between plaintiff and DHCI. The record clearly shows that plaintiff was a student and therefore did not render services to DHCI in anticipation of compensation. Because there exists no employment relationship between plaintiff and DHCI, plaintiff cannot be an "employee" borrowed by E.K.L. Accordingly, the trial court's finding that plaintiff was a borrowed employee is erroneous.
Our next inquiry is whether plaintiff can be considered a direct employee of E.K.L., which would limit his remedy against E.K.L. to workers' compensation benefits.
Pursuant to LSA-R.S. 23:1044, a person who renders services in any trade, business or occupation covered under the Workers' Compensation Law is presumed to be an employee of the person for whom he rendered such services. Legros v. Norcen Exploration, Inc., 583 So.2d 859, 861 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991). This presumption may be rebutted by proof that there was no contract of employment, either express or implied, between the alleged employee and alleged employer. Gotto v. ARA Living Center, 570 So.2d 1172, 1174 (La.App. 5th Cir.), writs denied, 571 So.2d 634 (La.1990).
As noted by this court in Vaughn v. Baton Rouge General Hospital, 421 So.2d 288, 290 (La.App. 1st Cir.1982), a prerequisite to any action arising under the Louisiana Workers' Compensation Act is the existence of an employer-employee relationship. In Vaughn, 421 So.2d at 290, this Court set forth the factors to be considered in making such a determination, as follows:
[The] [r]ight to control is the essence of this relationship, evidenced by four primary factors:
1. Selection and engagement[,]
2. Payment of wages,
3. Power of dismissal, and
4. Power of control[.]
Again, none of these factors are the sole determinant of an employer-employee relationship. However, as a general rule, for such a relationship to exist, there must be a contract of employment, either express or implied, whereby services are furnished in anticipation of compensation.
*360 E.K.L.'s contention that plaintiffs' cause of action falls exclusively under the Louisiana Workers' Compensation Act is fundamentally flawed. The record shows that there is no contract of employment between E.K.L. and plaintiff. At the hearing on E.K.L.'s exception, the deposition of Sheila N. Lemoine, assistant director of nursing at E.K.L., was introduced into evidence. She testified that DHCI students received no form of compensation from E.K.L. and that there were no personnel files or records maintained by E.K.L. on students who participated in the clinical training programs. The trial court, in reasons for judgment, stated that there were "mutual considerations" exchanged between the parties. However, as this Court recognized in Genusa, 93-2214 at 4; 644 So.2d at 853, in rejecting the claim of a volunteer fireman for workers' compensation benefits, the compensation act is based on a wage loss theory. Pursuant to LSA-R.S. 23:1221, the basis for determining the amount of benefits paid to a claimant under the Workers' Compensation Law is the wages the employee earned from the employer prior to the accident. Where no wages were earned, there is no basis for calculating benefits.
Moreover, considering the other factors outlined above, the record shows that E.K.L. did not select, hire or engage any of the students. DHCI placed the students in the clinical training program. Also, pursuant to a contract between DHCI and E.K.L., the power to expel or discharge students from the clinical training program rested with DHCI. The contract also provided that the DHCI students, while on the premises of E.K.L., "shall remain the primary responsibility of the school and its staff." Finally, the contract provided that in the event of an accident, E.K.L. would provide immediate emergency care, but would not be responsible for the costs involved, follow-up care or hospitalization.
It is clear from the record and the contract between the defendants, that while training with DHCI, plaintiff did not expect remuneration from DHCI or E.K.L. in exchange for his clinical participation at E.K.L., under the auspices of DHCI.
Based on the above and foregoing, there is no basis in the record for a finding that an employment relationship existed between plaintiff and E.K.L., such that plaintiffs' exclusive remedy against E.K.L. would be workers' compensation benefits. Moreover, there is no evidence in the record to establish that there was an employment relationship between plaintiff and DHCI, such that the "borrowed employee" doctrine would apply to preclude plaintiff's assertion of a claim in tort.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting of Earl K. Long's Exception of Lack of Jurisdiction Over the Subject Matter and dismissing it as a defendant, is reversed. The case is remanded to the lower court for further proceedings. Costs of this appeal, in the amount of $353.45 are assessed against Earl K. Long Hospital.
REVERSED AND REMANDED.
NOTES
[1] The answer filed on behalf of the hospital was filed by The State of Louisiana through the Louisiana Health Care Authority. Hereinafter, we will refer to this defendant as "E.K.L."