STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**16-465**


NAVARRE CHEVROLET, INC.

VERSUS

DAVID BEGNAUD



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2016-0758
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion.


**AFFIRMED.**

**Jere Jay Bice**
**Vernon, Bice, Palermo & Wilson, LLC**
**P. O. Box 2125**
**Lake Charles, LA 70602-2125**
**(337) 310-1600**
**COUNSEL FOR BEGNAUD/APPELLEE:**
     **David Begnaud**

**Edwin Ford Hunter III**
**Bradley J. Trevino**
**Hunter, Hunter & Sonnier, LLC**
**1807 Lake St.**
**Lake Charles, LA 70601**
**(337) 436-1600**
**COUNSEL FOR NAVARRE/APPELLANT:**
     **Navarre Chevrolet, Inc.**

**SAUNDERS, J.**

In this action seeking to enforce a non-competition agreement, Navarre Chevrolet Inc., hereinafter "Navarre," sought to enforce a non-competition agreement against David Begnaud, hereinafter "Begnaud." The trial court found the non-competition agreement to be null and void. Navarre appealed. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

David Begnaud was employed by Navarre Chevrolet, Inc., and entered into a non-competition agreement with Navarre on April 13, 2007, which excluded him from working in management and supervision in the automobile sales industry within Calcasieu Parish for a period of two years from termination of employment. Begnaud terminated his employment with Navarre on or about January 6, 2016. Begnaud was subsequently employed by Tarver Ford, a dealership in Sulphur, Louisiana, which is in Calcasieu Parish. On February 22, 2016, Navarre filed a petition for damages, a temporary restraining order, a preliminary injunction, and a permanent injunction against Begnaud. The trial court granted Navarre's request for the temporary restraining order, and a hearing was set for the issue of the permanent injunction. Begnaud filed a motion to dissolve the temporary restraining order, and at the hearing, the trial court dissolved the temporary restraining order, denied Navarre's request for permanent injunction, and awarded attorney's fees to Begnaud for wrongful issuance of the temporary restraining order. The trial court further found that the non-competition agreement between the parties was null and void. On May 5, 2016, Navarre filed an amended petition seeking a permanent injunction against Begnaud. The amended petition contended that Begnaud owns a proprietary or equity interest in United Auto Brokers in Lake Charles, Louisiana. Begnaud denied this ownership stake.

**ASSIGNMENT OF ERROR:**

Navarre asserts the trial court erred by finding the agreement to not compete to be null and void.

**STANDARD OF REVIEW:**

"This case poses a question of law; accordingly, the appropriate standard of review is de novo." *Domingue v. Bodin*, 08-62, p.2-3 (La.App. 3 Cir. 11/5/08), 996 So.2d 654, 657. "When conducting a review of questions of law, appellate courts merely determine whether the lower court was legally correct." *Sanchez v. La. Nursery*, 09-1247 (La.App. 3 Cir. 4/7/10), 34 So.3d 1047. When a trial court's interpretation of a contract is not based upon any factual findings, but, rather, is based upon a review of the contract's language, the manifest error standard of review does not apply and a de novo review will be conducted by the appellate court instead. *Derouen v. Nelson*, 09-467 (La.App. 3 Cir. 3/10/10), 32 So.3d 1079.

**DISCUSSION OF THE MERITS:**

"Louisiana has long had a strong public policy disfavoring noncompetition agreements between employers and employees." *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 00-1695 (La. 6/29/01, 4), 808 So.2d 294, 298. Louisiana Revised Statute 23:921(A)(1) reads as follows:

> Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void. However, every contract or agreement, or provision thereof, which meets the exceptions as provided in this Section, shall be enforceable.

Louisiana Revised Statute 23:921 is preemptive and covers every possible type of contract which restrains persons from exercising a lawful business. Some restraint of trade is permissible, and Sections (B) through (F) provide for this

2

limited restraint of trade. *See also Louisiana Smoked Products, Inc. v. Savoie's Sausage & Food Products, Inc.*, 96-1716 (La. 7/1/97), 696 So.2d 1373.

Louisiana Revised Statute 23:921(I) states in pertinent part:

(1) There shall be no contract or agreement or provision entered into by an automobile salesman and his employer restraining him from selling automobiles.

(2)(a) For the purposes of this Subsection, "automobile" means any new or used motor-driven car, van, or truck required to be registered which is used, or is designed to be used, for the transporting of passengers or goods for public, private, commercial, or for-hire purposes.

(b) For the purposes of this Subsection, "salesman" means any person with a salesman's license issued by the Louisiana Motor Vehicle Commission or the Used Motor Vehicle and Parts Commission, other than a person who owns a proprietary or equity interest in a new or used car dealership in Louisiana.

In their first and only assignment of error, Navarre contends the trial court erred by finding the agreement to not compete to be null and void. Navarre agrees that Begnaud cannot be restrained from selling automobiles, but contends Begnaud should be restrained from performing managerial and supervisory roles.

Navarre contends in their amended petition that Begnaud does indeed own such proprietary or equity interest. Begnaud denies this contention. An exchange between Navarre's counsel and the trial court directly refutes this contention.

The following is an excerpt from the hearing for the permanent injunction at which Navarre's counsel stated, in pertinent part:

> The Court: Is there any issue that Mr. Begnaud does not own a proprietary interest or equity interest in a new or used car dealership?

> Mr. Trevino: No, Judge. I think – I think what that is, is Mr. Bice is trying to say that that's the only reason that the statute is in place. Well, that's reading more into it that it is.

> . . . .

Mr. Trevino: I don't believe he has any ownership, Judge. I don't – I don't know. Our position is that acting as a sales manager is different than acting as a salesperson.

The Court: I understand that. But you don't have any evidence today, testimony, that would say he has a proprietary or equity interest in Tarver Ford or any other car business?

Mr. Trevino: No, Judge.

The trial court in the case before us states the following:

The non[-]competes are disfavored, and clearly this category of business activity has been selected as gaining extra protection under the law. And the attempt to carve out the management position from the salesman position, to me, seems to fly in the face of the legislature's statute, which exempts salesmen from the effects of non[-]competes. So I find that it is an invalid contract. I find that the TRO [temporary restraining order] should not have been granted.

We agree with the reasoning of the trial court. In light of the record and facts before us, non-competition agreements are highly disfavored in our State, save for the specific exception for salesmen owning a proprietary or equity interest in a car dealership. We agree with the trial court that Navarre did not prove that Beganud falls into this narrow exception, and that his duties as a salesman, including those of a managerial nature, do not allow Navarre to restrain his ability to sell cars and perform these incidental duties that naturally occur in a business such as the one here.

This court notes that Begnaud was hired at a competing dealership as a salesman, not a manager. As in any profession, other incidental duties are to be expected in addition to the primary responsibilities one is hired to fulfill. There are many accompanying duties that are essential to selling cars beyond the initial sales pitch to potential buyers, such as contacting other dealerships, helping other

4

salesmen with paperwork, and coordinating efforts with other salesman. Some of these duties will be managerial in nature, in whole or in part.

Being prohibited from doing these duties and others incidental to "making a sale," in essence, prevents one from selling cars, or, at the very least, makes it difficult to find employment as a car salesman. Attempts at such a prohibition clearly are not allowed under La. R.S. 23:921.

**DISPOSITION:**

Plaintiff, Navarre Chevrolet, Inc., raised one assignment of error. For the foregoing reasons, we affirm the trial court's ordering the agreement to not compete as null and void. We assess all costs of this appeal to Plaintiff, Navarre Chevrolet, Inc.

**AFFIRMED.**