# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 22-510 consolidated with 22-341


WILLIAM P. DERING

VERSUS

KAY W. DERING


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2020-1862 c/w 2020-0114
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and John E. Conery, Judges.


**AFFIRMED.**

**Thomas J. Gayle**
**Gayle Law Firm**
**713 Kirby Street**
**Lake Charles, LA 70601**
**(337) 494-1220**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **William P. Dering**

**Jared W. Shumaker**
**Fontenot & Shumaker**
**608 West McNeese Street**
**Lake Charles, LA 70605**
**(337) 508-2627**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Kay W. Dering**

**GREMILLION, Judge.**

William P. Dering appeals the grant of summary judgment in favor of his former spouse, Kay W. Dering, which held that the property partition confected in 1981 created a life usufruct in her favor over the former marital residence. In the consolidated matter, bearing Docket Number 22-341, Mr. Dering seeks supervisory writs from the denial of his own motion for summary judgment. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL POSTURE

This matter has come before this court before. The pertinent factual background was summarized as follows:

> Kay and William Dering were divorced by a judgment signed August 6, 1981. The house at issue was part of the former community property regime and was the former family home of the parties. The parties agreed to a community property partition on June 16, 1981, including a proviso concerning the house which stated:
>
> > The parties further agree that the aforementioned immovable property may remain in the care of KAY DERING, born Watson, as residence for the two minor children born of the marriage, for whom KAY DERING, born Watson, has the temporary and finally the permanent care, custody and control, namely JAMES TROY DERING and JEREMY PAUL DERING. This agreement remains valid for as long as KAY DERING, born Watson, chooses to reside there, with the stipulation that KAY DERING, born Watson, maintains the present condition of said property and continues payment of the monthly notes due on said property, which note totals $137.00 per month; and for as long as KAY DERING, born Watson, does not remarry or set up household with another male while the minor children remain in her custody.
>
> > Upon the sale of said property, KAY DERING, born Watson, will be credited for the principal amount which she has applied to the mortgage described herein, and the remaining balance, if any, will be equally divided between the parties herein.

William filed a Petition to Partition Co-Owned Immovable Property on January 9, 2020. Kay opposed William's petition and filed Exceptions of Prematurity, No Cause of Action, and No Right of Action. Kay argued that the community property agreement gave her a lifetime usufruct over the house and only granted William the naked ownership of the home, leaving him with no right to demand partition under La.Civ.Code art. 543 because he did not have elements of ownership in common with her.

After a hearing was held on the Exceptions of Prematurity, No Cause of Action, and No Right of Action, the trial court granted the Exception of No Right of Action. The trial court dismissed all of William's claims, and William now appeals.

*Dering v. Dering*, 20-512, pp. 1-2 (La.App. 3 Cir. 4/21/21), 318 So.3d 343, 345, *writ granted, judgment rev'd.*, 21-691 (La. 10/1/21), 324 So.3d 1042.

On appeal, a panel of this court found that the community partition created a usufruct in favor of Mrs. Dering; thus, as a naked owner, Mr. Dering could not demand a partition from a perfect owner. *Id.* The Louisiana Supreme Court found that Mr. Dering established a right of action in alleging that he was a party to the partition agreement and a co-owner of the property. Without expressing an opinion on the merits of Mr. Dering's claim, the supreme court held that he did establish a right to make his argument about the proper interpretation of the partition. *Dering*, 324 So.3d 1042.

Back before the district court, Mrs. Dering reasserted her exceptions of prematurity and no cause of action. Those exceptions were denied.

Mr. Dering filed a motion for summary judgment in which he asserted that as a co-owner with Mrs. Dering, he could not be compelled to hold the house in indivision pursuant to La.Civ.Code art. 807. Also pursuant to La.Civ.Code art. 807 and La.R.S. 9:1702, an agreement to not partition property is limited to fifteen years. He argued that the partition agreement did not create a usufruct in favor of his ex-

2

wife but rather created a right of habitation that was to end when the minor children left home.

Mrs. Dering opposed Mr. Dering's motion and filed her own, which asserted that the trial court's finding that the agreement created a usufruct, which was affirmed by the court of appeal, is law of the case. Because a naked owner cannot demand partition, Mrs. Dering asserted that she was entitled to judgment as a matter of law rejecting Mr. Dering's demand for partition.

The trial court denied Mr. Dering's motion for summary judgment and granted Mrs. Dering's. Mr. Dering perfected a devolutive appeal of the grant of Mrs. Dering's motion and filed an application for supervisory writs to overturn the denial of his motion. This court granted Mr. Dering's application for the limited purpose of having Mr. Dering's application heard with his appeal. *Dering v. Dering*, 22-341 (La.App. 3 Cir. 7/18/22) (unpublished ruling).

## DISCUSSION AND ANALYSIS

*Standard of Review*

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment must be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure

3

is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

*American Zurich Ins. Co. v. Caterpillar, Inc.*, 12-270, pp. 4-5 (La.App. 3 Cir. 10/3/12), 99 So.3d 739, 742-43.

*Usufruct*

"Usufruct is a real right of limited duration on the property of another. The features of the right vary with the nature of the things subject to it as consumables or nonconsumables." La.Civ.Code art. 535. "Nonconsumable things are those that may be enjoyed without alteration of their substance, although their substance may be diminished or deteriorated naturally by time or by the use to which they are applied, such as lands, houses, shares of stock, animals, furniture, and vehicles." La.Civ.Code art. 537. "If the things subject to the usufruct are nonconsumables, the usufructuary has the right to possess them and to derive the utility, profits, and advantages that they may produce, under the obligation of preserving their substance. He is bound to use them as a prudent administrator and to deliver them to the naked owner at the termination of the usufruct." La.Civ.Code art. 539. "The usufructuary is responsible for ordinary maintenance and repairs for keeping the property subject to the usufruct in good order, whether the need for these repairs arises from accident or *force majeure*, the normal use of things, or his fault or neglect." La.Civ.Code art. 577.

> When property is held in indivision, a person having a share in full ownership may demand partition of the property in kind or by licitation, even though there may be other shares in naked ownership and usufruct.
>
> A person having a share in naked ownership only or in usufruct only does not have this right, unless a naked owner of an undivided share and a usufructuary of that share jointly demand partition in kind or by licitation, in which event their combined shares shall be deemed to constitute a share in full ownership."

4

La.Civ.Code art. 543.

From a plain reading of the second paragraph of Article 543, one can see that if Mrs. Dering holds a usufruct and Mr. Dering naked ownership, he cannot demand partition.

*Habitation*

"Habitation is the nontransferable real right of a natural person to dwell in the house of another." La.Civ.Code art. 630. "The right of habitation is established and extinguished in the same manner as the right of usufruct." La.Civ.Code art. 631. Habitation is regulated by the title that established it. La.Civ.Code art. 632. "If the title is silent as the extent of habitation, the right is regulated in accordance with Articles 633 through 635." *Id.* "The right of habitation terminates at the death of the person having it unless a shorter period is stipulated." La.Civ.Code art. 638. "A person having the right of habitation is entitled to the exclusive use of the house or of the part assigned to him, and, provided that he resides therein, he may receive friends, guests, and boarders." La.Civ.Code art. 634.

> In Louisiana, habitation is a nominate limited personal servitude. It is a real right that confers in favor of a natural person the exclusive use of a house, or of a part of it, without right to its fruits. If a right styled "habitation" exhausts the utility of a house, it is a usufruct.

YIANNOPOULOS, 3 *LA. CIVIL LAW TREATISE: PERSONAL SERVITUDES*, §8.11 (5th ed. 2020).

Louisiana Civil Code art. 635 provides, "A person having the right of habitation is bound to use the property as a prudent administrator and at the expiration of his right to deliver it to the owner in the condition in which he received it, ordinary wear and tear excepted."

Mrs. Dering argues that the right she obtained in the partition could not, as a matter of law, be classified as a habitation because she was not granted the right to "dwell in the house of another" per La.Civ.Code 630; she is an owner, albeit in indivision. Further, Mrs. Dering notes that the community property partition required that she "maintain[]" the property. She argues that, whereas a habitant may allow the house to suffer "ordinary wear and tear," a usufructuary is liable for the "ordinary maintenance" and repair of "the normal use of things[.]" La.Civ.Code art. 577.

*Law of the case*

The doctrine of law of the case holds that "courts of appeal generally refuse to reconsider their own rulings of law on a subsequent appeal in the same case." *Pitre v. Louisiana Tech Univ.*, 95-1466, p. 7 (La. 5/10/96), 673 So.2d 585, 589, *cert. denied*, 519 U.S. 1007, 117 S.Ct. 509 (1996). The doctrine is discretionary. *Clement v. Reeves*, 07-1154, 07-1155 (La.App. 3 Cir. 1/30/08), 975 So.2d 170, *writ denied*, 08-482 (La. 4/18/08), 978 So.2d 355. When there is mere doubt as to whether the previous ruling was correct, courts will not entertain re-argument of the matter. *Cormier v. McNeese St. Univ.*, 13-12 (La.App. 3 Cir. 11/13/13), 127 So.3d 66. There are, however, three exceptions to the doctrine: "when the previous panel committed palpable error"; when applying the previous panel's ruling "would result in manifest injustice[,]" and "when additional evidence is received" on the issue before the court. *Id.* at 69.

*Analysis*

The classification of a right as a usufruct or some other right, such as habitation, is determined according to the rules of construction of juridical acts. YIANNOPOULOS, § 1.14. A court's interpretation of a juridical act that is confined to

6

the four corners of the document represents a legal finding. *Navarre Chevrolet, Inc. v. Begnaud*, 16-465 (La.App. 3 Cir. 11/2/16), 205 So.3d 973, *writ denied*, 16-2122 (La. 1/13/17), 215 So.3d 248.

The motions for summary judgment were buttressed by affidavits of Mr. Dering in support of his motion and Mrs. Dering in support of hers. This invokes the third exception to the application of law of the case, the admission of additional evidence. Those two affidavits only disagree to the extent that each interprets the partition agreement in his or her favor. Two essential facts put forth in Ms. Dering's motion bear note.

This community partition was confected in 1981. The agreement references two minor children, James Troy Dering and Jeremy Paul Dering. Mr. Dering argues that the agreement established a habitation in favor of Mrs. Dering for as long as the minor children resided in the home. Those two minors would have reached majority no later than 1999, yet Mr. Dering waited more than twenty years to seek partition in 2020.

Mrs. Dering asserts in her affidavit that "For the past 41 years I have lived in the property, maintained the property, and made substantial renovations and repairs to the property."

"Interpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La.Civ.Code art. 2050. And, lastly— and most pertinently— "A doubtful provision must be interpreted in light

7

of the nature of the contract, equity, usages, *the conduct of the parties before and after formation of the contract*, and of other contracts of a like nature between the same parties." La.Civ.Code art. 2053 (emphasis added).

In light of the conduct of the parties since the formation of the partition, we find that, while the doctrine of law of the case does not apply, we agree with the majority of the prior panel of this court. Had Mr. Dering believed that a mere habitation was conferred and had he believed that this right terminated when James Troy Dering and Jeremy Paul Dering reached majority, he would not have waited over twenty-one years before seeking this partition.

Similarly, had Mrs. Dering thought that she only had a habitation, she would not have made "substantial renovations and repairs to the property." A habitation only confers the right to live in a house. La.Civ.Code art. 630. The habitant is only responsible for ordinary repairs, taxes, and other annual charges. La.Civ.Code art. 636. The civil code does not confer on the habitant the right to make alterations or improvements, and even a usufructuary only enjoys that right with written permission of the naked owner. La.Civ.Code art. 558. In no way can making substantial alterations to the property suggest that a right of habitation was conferred by this agreement.

Further, we agree with Ms. Dering's second argument; La.Civ.Code arts. 577 and 635 impose different burdens upon a usufructuary and a habitant regarding the condition in which the things subject to those rights must be returned to their owners. Article 577 imposes an obligation to return the thing in the condition in which the usufructuary received it, while Article 635 provides that the habitant must "deliver it to the owner in the condition in which he received it, ordinary wear and tear excepted." The community partition agreement required Mrs. Dering to "maintain[]

8

the present condition of said property[.]" This provision more closely resembles the obligation imposed on a usufructuary.

## CONCLUSION

We find that this case is not governed by the doctrine of law of the case. However, the additional evidence submitted in the form of the parties' affidavits bolsters the prior panel's ruling. The behavior of the parties for over twenty-one years after the agreement was perfected does not support the contention that the agreement was intended to expire when the children reached majority. Mrs. Dering also exhibited conduct consistent with that of a usufructuary, and the obligation imposed on her by the agreement to maintain the property in its condition as of the date of the agreement more closely resembles that imposed on a usufructuary.

For these reasons, the ruling of the trial court is affirmed. All costs of this proceeding are taxed to plaintiff/appellant, William P. Dering.

**AFFIRMED.**